UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES MICHAEL MASON,

                Plaintiff,

v.                              Case No. 3:10-cv-80-J-34JRK

JOHN H. RUTHERFORD,
etc.; et al.,

                Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff James Michael Mason, an inmate of the Pretrial Detention Facility in Jacksonville, Florida, who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names the following individuals as the Defendants in this action: (1) John H. Rutherford, the Sheriff of Jacksonville, Florida; (2) Dr. Goodman; (3) Nurse John Doe; (4) Sergeant Messick; (5) Gordan A. Bass, Jr., the Director; (6) Sergeant Wymann; (7) Sergeant Bryant; (8) Officer Riley; (9) Officer Brookins; and (10) Officer John Doe.

In Plaintiff Mason's prior civil rights case (Case No. 3:09-cv-570-J-25TEM), this Court took judicial notice of his previously-filed civil rights case (Case No. 3:08-cv-1136-J-25HTS)[1], stating in pertinent part:

> Although Plaintiff has changed some of the Defendants and now asserts that he was assaulted rather than injured in a slip and fall, Plaintiff raised these same allegations in Case No. 3:08-cv-1136-J-25HTS, which was dismissed as frivolous. In the prior action, Plaintiff claimed that on January 23, 2006, he injured himself in a slip and fall at the pretrial detention facility and suffered a neck injury. As relief, he requested twenty-five million dollars for his pain and suffering.
>
> Specifically, he alleged that, on January 23, 2006, as a result of a slip and fall at the pretrial detention facility, he was denied adequate medical treatment for his neck injury. Plaintiff stated that he was seen immediately on January 23, 2006, after his slip and fall and the physician prescribed a neck collar and Ibuprofen. Plaintiff noted that, on that day, he was seen twice (morning and evening) for emergency visits at the facility's clinic. Plaintiff's complaint was that he was not taken to Shands Hospital's emergency room. He further alleged that, on February 2, 2006, he submitted a medical grievance and was seen a few days later by a physician, at which time he again requested an x-ray. After the x-ray and cat scan and/or MRI., the doctor at Shands Hospital informed him that the x-ray showed a cervical #1 and cervical #2 fracture of his neck vertebrae.

---

[1] The Court takes judicial notice of Case No. 3:08-cv-1136-J-25HTS and Case No. 3:09-cv-570-J-25TEM.

> In the instant case, Plaintiff has altered his story somewhat, and named a few different Defendants. He asserts that on January 23, 2006, instead of a slip and fall, he was tackled by unnamed inmates on the floor of the open bay dormitory. Complaint at 9(A). Again, he complains that he was not taken to the emergency room. He states that the nurse prescribed Ibuprof[e]n and a cervical neck collar. Plaintiff alleges that after an x-ray was taken at a clinic on February 11, 2006, he was finally transferred to Shands Hospital for a CT scan, and the CT scan showed a cervical #1 and cervical #2 fracture of Plaintiff's upper spine. Complaint at 9(f) -9(g).
>
> . . . .
>
> Upon review, this is clearly the same incident and the same injury that was raised in Case No. 3:08-cv-1136-J-25HTS. Apparently, Plaintiff has attempted to alter or enhance his story in order to avoid dismissal of this action; however, the Court finds that the changes made to this Complaint do not prompt the Court to allow this action to proceed. Instead, the Court is convinced that Plaintiff has little or no chance of success on a claim of constitutional deprivation, and this case should be dismissed as frivolous. Alternatively, the Court adopts its reasoning in Case No. 3:08-cv-1136-J-25HTS, and finds that this case should be dismissed as frivolous.

Case No. 3:09-cv-570-J-25TEM, Order of Dismissal Without Prejudice (Doc. #9), filed September 18, 2009, at 2-4 (footnote omitted).

In the instant case, Plaintiff has named the same Defendants (excluding Dr. Nelson Aguilara) as in Case No. 3:09-cv-570-J-25TEM, his claims are identical and his allegations in support of those claims are basically the same. He asserts that, on January 23,

- 3 -

2006, he was "tackled on the floor" by unnamed inmate(s) in the dormitory at the John E. Goode pretrial detention facility. Complaint at 8. Again, he complains that he was not taken to the emergency room. Id. at 9(b). Plaintiff was "immediately instructed" to visit the medical clinic, where the nurse prescribed Ibuprofen and a cervical neck collar. Id. at 9(a)-9(b). Plaintiff asserts that he was seen for follow-up medical evaluation and care in the medical clinic from January 23rd through February 11th. Id. at 9(e). Plaintiff alleges that, after an x-ray was taken at a clinic on February 11, 2006, he was finally transferred to Shands Hospital for a CT scan, and the CT scan showed a cervical #1 and cervical #2 fracture of Plaintiff's upper spine. Id. at 9(e)-9(f). Plaintiff states that the neurosurgeons recommended a halo to heal the cervical fractures. Id. at 9(f).[2] As relief, Plaintiff requests the same damages as in Case No. 3:09-cv-570-J-25TEM, except that he has lessened his request for compensatory damages to fifty million dollars, rather than the one hundred million dollars previously sought. Id. at 10(a).

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act, which requires this Court to dismiss this case at any time if the Court determines that

---

[2] In Case No. 3:09-cv-570-J-25TEM, Plaintiff states that he "refused to have surgery" so the only other alternative to healing a cervical fracture was an apparatus known as a halo. See Case No. 3:09-cv-570-J-25TEM, Complaint (Doc. #1) at 9(G).

the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

The initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of

rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>Houston v. Williams</u>, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983).

Indeed, this is the same January 23, 2006, incident resulting in the same injury that was initially raised in Case No. 3:08-cv-1136-J-25HTS and then later addressed in Case No. 3:09-cv-570-J-25TEM. Again, Plaintiff has attempted to alter or enhance his story in order to avoid dismissal of this action; however, the Court finds that the minor changes made to this Complaint have not persuaded the Court to allow this action to proceed. Instead, the Court is convinced that Plaintiff has little or no chance of success on a claim of constitutional deprivation, and this case should be dismissed as frivolous. Alternatively, the Court adopts the reasoning in Case No. 3:08-cv-1136-J-25HTS and Case No. 3:09-cv-570-J-25TEM, and finds that this case should be dismissed as frivolous.

Therefore, for the above-stated reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of February, 2010.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 2/22
c:
James Michael Mason